MASON, Respondents, v. RODGERS et al., Appellants.

St. Louis Court of Appeals, February 13, 1906.

REPLEVIN: Demand. In an action of replevin, where the defendant disclaimed any right to the property and the issue was whether the plaintiff had made a demand before the service of the writ, the evidence is examined and held sufficient to justify a finding that a demand was made so as to make the defendant liable for the costs.

Appeal from Greene Circuit Court.—*Hon. James T. Neville,* Judge.

AFFIRMED.

*G. G. Lydy* for appellants.

*McCollum & Johnson* for respondent.

GOODE, J.—This is an action of replevin for one hundred and fifteen cords of dry wood alleged to be of the value of $155. The wood was situated on a farm known as the Hardman farm and a man by the name of Hardman lived on the place at the time the wood was cut. There is no contention against the respondent's ownership of the wood. The points raised by the appellants are that the respondent made no demand for the property before he replevied it and that the appellants are not responsible for any of the costs of the action on this account, and not responsible for the costs that accrued after the constable presented the writ of replevin, because the appellants then disclaimed any ownership in the property or a right to retain it. The contest was really over the costs. The evidence for the plaintiff tended to establish that he had sold some of the wood to a man named Van Johnson, and when Johnson went to the farm to get it, Rodgers, one of the appellants, refused to let him haul it away on the ground that Mason owed him (Rodgers) for wood that he had burned. According to Johnson's testimony, Rodgers said that whenever Mason paid for that wood, the other wood, which Johnson purchased from Mason, might be taken away. It is insisted that Johnson had no written order from Mason for the wood and therefore Rodgers was justified in refusing to let him get it; but it suffices to say as to this point, that Rodgers did not put his refusal on that ground nor raise any question about Johnson's show of right. Another witness, W. N. Jones, testified that he went to the farm to get some of the Mason wood and after he had hauled part of it away, Mrs. Rodgers came out and said she had orders to "fire the haulers" who were getting wood out of there. She admitted the wood belonged to Mason but refused to let Jones finish his load for the reason that Mason was owing the appellants. An attempt was made to show that the objection of the appellants to the moving of the wood was due to the fact that the haulers left a gap in the fence. The testimony of the

witnesses does not sustain that contention. Unquestionably, there was evidence to show that before the action was instituted, the wood was demanded by the respondent, or others for him, and wrongly detained by the appellants. Hence, as to the costs that accrued prior to the time of the service of the writ of replevin, appellants are liable. Henshaw, the constable who served the writ, swore that two or three times before serving it, he tried to get Rodgers to let him turn the wood over to Mason, but Rodgers forbade him to do so. Henshaw said he disliked to see costs pile up and for that reason attempted to conciliate the appellants. Rodgers would not let him touch the wood and said he could not have it. Henshaw said he went to see Rodgers three or four times about the matter and the latter reserved the right to give a forthcoming bond and hold the wood, but finally failed to give the bond. Rodgers likewise said to Henshaw that Mason could not come on the place. Henshaw began to haul the wood away on a certain Monday. On the Sunday before, he received a letter from Rodgers' attorney requesting him to withhold any more costs until the day of trial, if he could. The court, in its declaration of law, declared that if it appeared from the evidence that respondent had made no demand of the appellants for the wood before he instituted the action, he could not recover the costs of the action, but a demand made by one having authority from the respondent was sufficient. That if the respondent made demand through other persons who were unknown to the appellants, and respondent failed to identify such persons, or to notify appellants that they had authority to act for respondent, the costs could not be charged against the appellants, but that by placing their refusal to deliver the wood on other grounds, the appellants had waived the right to identification of respondent's agents and their authority from him. The declarations of law were fair and the evidence warranted the court's judgment in favor of the respondent. The wood was never surrendered to the constable,

nor was there any offer to surrender it before the service of the writ. The mere request to the constable to withhold any costs until the day of trial, if possible, was not equivalent to relinquishing the property to him after appellants' repeated refusals to relinquish it. The judgment is affirmed. *Bland, P. J.,* and *Nortoni, J.,* concur.